WILLIAM J. ROBINSON, Respondent, *v.* T. A. WALKER, EXECU-
TOR OF ISAAC WALKER, DECEASED, Appellant.

1. *Forcible entry and detainer — Rents and damages — Cross-action of eject-
ment by defendant in — Forcible entry — Rule of damages in.*—A. having
leased certain premises to B., forcibly dispossessed him before the expiration
of the lease. B. having sued him for possession in forcible entry and detainer,
*held,* that A. could not claim rents or damages by way of offset in that suit,
but must submit to the judgment of the court; that is, restore the property
and pay the damages and rents allowed by the judgment. He might then bring
his action of ejectment, laying his ouster prior to the time he dispossessed B.;
and in such suit he would be entitled to recover the premises and damages for
their detention from the time of such ouster. He would also be entitled to
the rents due him under the lease, and rent after the expiration of the lease
up to the time the property was restored to him. But where defendant in the
forcible entry suit died before the property was restored, and the judgment
was presented for allowance before the Probate Court, all just claims for
rents and damages should be allowed.

*Appeal from St. Louis Circuit Court.*

*Glover & Shepley*, for appellant.

*Hill & Jewett*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff obtained a judgment, in an action of forcible entry and detainer, against the defendant's.testator, before a justice of the peace. From this judgment the defendant's testator appealed to the Circuit Court, and a motion was made there to dismiss the appeal, which was finally sustained on appeal to the Supreme Court, leaving the judgment for restitution, damages and monthly rents in full force before the justice of the peace. In the mean time the defendant's testator died, and this judgment was presented to the Probate Court of St. Louis county for allowance.

The facts in regard to the title to the property recovered in the forcible entry and detainer case were that the defendant's testator had leased or become the assignee of a lease of the property to the plaintiff for some eighteen months, or eighteen months of the lease had not expired ; the testator, being the owner at the same time of a longer lease from the holder of the fee, forced the possession from the plaintiff, and he instituted his action, as above stated, by forcible entry and detainer.

When the judgment was presented to the Probate Court, the executor claimed a deduction for the rent up to the unexpired term of Robinson (the plaintiff), and that the plaintiff's right in the premises by lease having expired, he could not be allowed on his judgment any rents after such expiration.

The Probate Court having made deductions, the plaintiff appealed to the Circuit Court, and that court modified the judgment of the Probate Court by deducting rents up to the expiration of plaintiff's lease, and made no further deduction. The defendant appealed from this judgment to the General Term, where the judgment at Special Term was affirmed, and he has appealed to this court.

Robinson v. Walker, Ex'r of Walker.

The principle is well established that in forcible entry and detainer cases the title to the premises cannot be inquired into. So, in a proceeding of that kind, although the defendant may be the absolute fee-simple owner of the property, and, as such, entitled to the immediate possession, yet he has no right by force to dispossess the party in possession. If he wants the possession he must resort to his proper action either of ejectment, forcible entry and detainer, or unlawful detainer, as the case may be. If, however, in disregard of the statute law on this subject, he forcibly enters the premises, he may be ousted by an action of forcible entry and detainer, and in such action he cannot claim rents or damages by way of offset, but must submit to the judgment of the court; that is, restore the property and pay the damages and rents allowed by the judgment.

After he shall have done this, I know of no principle of law that would prevent him from bringing his ejectment, laying the ouster prior to the time he dispossessed the party; and in such suit he would be entitled to recover the premises, and damages for their detention from the time of such ouster, and rents and profits from the time of recovery till the judgment was executed and the possession restored to him. Why should he not recover damages from that time? In contemplation of law, after the restitution under the forcible entry judgment, the plaintiff in that judgment ought to be considered in possession from the original ouster by himself, so as to be liable to the owner for the rents and profits during that time; or, if he had leased the premises to the party who recovered the forcible entry judgment, he could sue him for the rents after having made restitution under the judgment. The law estops the owner from contesting the possessor's right in forcible entry and detainer until he shall have fully restored him, with the penalties attached, to all that the law allows him.

If a party gives a bond to an officer to deliver property levied on by virtue of an execution, and he fails to deliver the property when he is sued on the bond, he is estopped to deny that the property belonged to the defendant in the execution, and is estopped in that action from setting up title in himself. But if

he complies with his bond and delivers the property, he may at once sue the officer for such property, and the bond he gave and complied with will be no estoppel to this suit.

If the defendant's testator had lived, he might, after fully complying with the judgment of the justice of the peace, have maintained a suit against the plaintiff for the rents due him under the lease, and also for rent after the expiration of the lease up to the time the property was restored to him; as, in contemplation of law, after restoration he would be considered in possession under the lease up to its expiration, and as holding over after its expiration at the same rate of rent. But as the testator died before the property was restored, and this judgment was presented for allowance, we think that all just set-offs in equity ought to be allowed against it, and the equities between these parties ought to be adjusted on the principles here indicated. The plaintiff ought to be allowed his damages and rents up to the time he presented the judgment for allowance, and the estate of the testator ought to be allowed by way of set-off for the rents up to that time.

Under this view the judgment must be reversed and the cause remanded, to be proceeded in in accordance with the rulings here laid down. The other judges concur.